IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimarcus Mattress, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 2:06-468-PMD-RSC |
| v. ) | |
| ) | **ORDER** |
| Jeffrey Taylor and South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon the Magistrate Judge's recommendation that Defendant Jeffrey Taylor's ("Taylor") Motion for Summary Judgment be denied.[1] The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1). A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On November 1, 2006, Taylor filed timely objections to the R&R.

## BACKGROUND

On February 25, 2006, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Taylor, the South Carolina Department of Corrections ("SCDC"), and an unknown officer. Plaintiff alleges that on October 31, 2004, Taylor struck Plaintiff in the face while Plaintiff was handcuffed and that this action violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

---

[1] Taylor filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but the Magistrate Judge treated the motion as a Motion for Summary Judgment. Taylor objects to this treatment, and agreeing with Taylor, this court will treat his motion as a Motion to Dismiss pursuant to Rule 12(b)(6). *See infra* Part B.1.

Plaintiff filed a grievance on November 13, 2004, and on November 29, 2004, the SCDC notified Plaintiff that the grievance would be forwarded to the SCDC's Office of Investigations since a criminal act was alleged to have occurred. The SCDC's Office of Investigations forwarded the grievance to the South Carolina Law Enforcement Division ("SLED") for investigation, and as the Magistrate Judge noted, "apparently [the grievance] is simply in limbo there." (R&R at 4.) Thus, as Plaintiff alleges in his Complaint, he has never received a "final agency/departmental/institutional answer or determination." (Complaint p. 2.)

On August 17, 2006, the SCDC filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment. On August 21, 2006, Taylor filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both motions contended that Plaintiff's action should be dismissed because Plaintiff failed to exhaust his administrative remedies. On September 18, 2006, Plaintiff filed a document that he entitled "Motion of Objection and Opposition to Consolidate Defense Against the Defendants Notice of Motion for a Summary Judgment and Objection Against the Memorandum in Support."[2]

In his R&R dated October 31, 2006, Magistrate Judge Carr stated that because Defendants submitted evidence outside the record in support of their motions to dismiss, the court would

---

[2]Taylor argues this court should grant his Motion to Dismiss because Plaintiff has not responded to this motion. (Defendant Taylor's Objections at 2.) Taylor states, "[A] careful reading and review of Plaintiff's September 18, 2006, filing (Doc. #25) and the corresponding electronic docket report reveals that Plaintiff had only responded to Defendant South Carolina Department of Corrections' motion to dismiss and/or for summary judgment. Again, Defendant Taylor's motion to dismiss is unopposed." (Defendant Taylor's Objections at 2.) However, the court does not agree with Taylor that his Motion to Dismiss is unopposed. The court is not persuaded by the electronic docket report, as Plaintiff himself did not electronically file his response. Furthermore, a close reading of Plaintiff's response indicates that Plaintiff did address the argument made by both Defendants that Plaintiff failed to exhaust his administrative remedies. (*See* Plaintiff's Response in Opposition at 6-10.)

2

therefore treat the motions as motions for summary judgment. (R&R at 2.) Judge Car recommended that Defendants' motions for summary judgment be denied on the grounds that Plaintiff satisfied the exhaustion requirement. (R&R at 9.) On November 1, 2006, Judge Carr filed an Amended Report and Recommendation, limiting the R&R to Taylor's Motion to Dismiss because the SCDC withdrew its Motion to Dismiss and Alternative Motion for Summary Judgment on October 30, 2006. Again Judge Carr recommended that Taylor's dispositive motion be denied. (Amended R&R at 1.)

## STANDARD OF REVIEW

### A.     Motion to Dismiss Pursuant to Rule 12(b)(6)

A Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n.5 (4th Cir. 1972).

### B.     Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Taylor's objections, the court finds that the Magistrate Judge fairly

and accurately summarized the facts. However, as the court agrees with Taylor that his Motion to Dismiss was improperly converted into one for summary judgment, the court will modify the R&R.

## ANALYSIS

### A.     Exhaustion of Administrative Remedies

In 1996, Congress passed the Prison Litigation Reform Act ("PLRA") "[i]n response to an ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005) (citations omitted). Pursuant to the PLRA, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no question that the PLRA's exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (holding that the PLRA requires a prisoner to exhaust administrative remedies regarding his excessive force claims, even if the prisoner seeks only money damages and such relief is not available under the administrative process).

Despite the exhaustion requirement, "an inmate is not required to allege exhaustion of remedies in his § 1983 prison-conditions complaint. Instead, an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson*, 407 F.3d at 681. While "unlikely" that failure to exhaust administrative remedies will be apparent from the face of the complaint, *sua*

4

*sponte* dismissal is appropriate if the complaint "clearly" reveals that an inmate has not exhausted his administrative remedies. *Id*. at 682.

**B.     Objections**

Taylor raises a number of objections to the Magistrate Judge's R&R. This court will address each one in turn.

**1.     Objection 1: The Magistrate Judge improperly concluded that the court was required to treat Defendant Taylor's Motion to Dismiss as being a Motion for Summary Judgment.**

In his R&R dated October 31, 2006, the Magistrate Judge stated, "Inasmuch as defendants have submitted evidence outside the record in support of their motions to dismiss, the court must treat the motion as a motion for summary judgment, applying the standard provided in Fed. R. Civ. P. 56." (R&R at 2.) Taylor objects, arguing that he did not submit any evidence outside the record to support his motion pursuant to Rule 12(b)(6).

The Federal Rules of Civil Procedure provide that a Motion to Dismiss pursuant to Rule 12(b)(6) can be converted into a Motion for Summary Judgment:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b); *see also Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991) ("Had the district court accepted and *considered* the affidavits relevant to the 12(b)(6) motion, the motion to dismiss for failure to state a claim would have been converted to a motion for summary

5

judgment."); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) ("Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the motion shall be treated as one for summary judgment . . . (internal quotation marks and citation omitted)).

A review of Defendant Taylor's Notice of and Memorandum in Support of his Motion to Dismiss Pursuant to Rule 12(b)(6) reveals that Taylor relies only on the allegations contained in the Complaint as a basis for his motion. Accordingly, this court agrees with Taylor that Rule 12(b)(6), not Rule 56, provides the appropriate standard of review with respect to his Motion to Dismiss.[3]

**2.      Objection 2: The Magistrate Judge improperly considered evidence submitted to the court by Defendant SCDC in support of their Motion for Summary Judgment in his analysis of Defendant Taylor's Motion to Dismiss.**

In the R&R, Magistrate Judge Carr relies on Exhibit A to SCDC's Motion to Dismiss and Alternative Motion for Summary Judgment; Exhibit A provides excerpts of SCDC's policy and procedure regarding inmate grievances.[4] After noting the policy provided that "under no circumstances will the grievance process exceed 180 days," Judge Carr found the exhaustion requirement had been satisfied because Plaintiff "has done all that he can do to exhaust available

---

[3]Taylor moved to dismiss pursuant to Rule 12(b)(6) on the grounds that Plaintiff did not exhaust his administrative remedies. As Taylor's third objection concerns the Magistrate Judge's determination that Plaintiff met his exhaustion requirement, this court will, in accordance with Rule 12(b), consider only matters contained in the pleadings when addressing this objection. *See* Fed. R. Civ. P. 12(b).

[4]SCDC also submitted the following in support of its motion: affidavit of Sandra Bowie; a copy of the Inmate Grievance Form Plaintiff prepared on November 13, 2004; and a copy of an inquiry to the SCDC Offender Management System regarding the status of Plaintiff's grievance. (*See* Exhibit B to Defendant SCDC's Motion to Dismiss and Alternative Motion for Summary Judgment.)

grievance procedures":

> Well over 180 days had elapsed between the time [P]laintiff filed his grievance on November 13, 2004, and February 25, 2006, when Plaintiff brought suit. SCDC's own grievance policy mandates that under no circumstances will the grievance process exceed 180 days. SCDC itself has inhibited [P]laintiff's ability to utilize the grievance procedure by failing to timely advance the prisoner's grievance and, therefore, rendered the grievance remedy unavailable within the meaning of the PLRA. The PLRA does not require the exhaustion of all administrative remedies, but only those that are "available" to the inmate.

(R&R at 8-9.)

Taylor argues the Magistrate Judge improperly considered evidence submitted by SCDC in support of its motion when issuing a recommendation on Taylor's motion. As previously noted, Taylor relies only on the allegations contained in the Complaint as a basis for his Motion to Dismiss pursuant to Rule 12(b)(6), and Taylor's motion was not converted into a Motion for Summary Judgment. Accordingly, the Magistrate Judge erred to the extent he considered evidence beyond the pleadings. *See* Fed. R. Civ. P. 12(b); *see also George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980) ("If it is necessary for the court to look beyond the pleadings, the 12(b)(6) motion must be converted into a motion for summary judgment . . ."); *Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) ("Since the motion to dismiss was supported by facts outside the pleading, it should have been treated as a motion for summary judgment.").

**3.     Objection 3: The Magistrate Judge improperly concluded that Plaintiff's exhaustion requirement had been met.**

In his R&R, Judge Carr found that the PLRA's exhaustion requirement had been met because Plaintiff "has done all that he can do to exhaust available grievance procedures." (R&R at 9.) Judge Carr noted that although SCDC policy provided that the grievance process will not exceed 180 days,

7

"[w]ell over 180 days had elapsed between the time [P]laintiff filed his grievance on November 13, 2004, and February 25, 2006, when Plaintiff brought suit." (R&R at 8.) Taylor objects to this determination and states, "Defendant Taylor objects to the Magistrate Judge's conclusion that 'Plaintiff has done all that he can do to exhaust available grievance procedure,' despite no evidence in the record of such and in direct conflict with the clear and unambiguous language of the Plaintiff's Complaint." (Taylor's Objections at 6.) Taylor specifically points to the Complaint and contends that "Plaintiff has admittedly failed to exhaust the administrative remedies available to him . . ." (Taylor's Objections at 8.)

In his Complaint, Plaintiff alleges that a prisoner grievance procedure exists at Evans Correctional Institution and that he filed a grievance in relation to the matters complained of in his Complaint. (Complaint p. 2.) Plaintiff further alleges that he has not received a "final agency/departmental/institutional answer or determination concerning" this grievance. (Complaint p. 2.) Defendant Taylor argues these allegations show that Plaintiff "has admittedly failed to exhaust his administrative remedies." (Taylor's Objections at 8.) However, the court does not agree with Taylor; this court agrees with Magistrate Judge Carr that Plaintiff has satisfied the PLRA's exhaustion requirement.

As previously noted, an inmate need not plead that he exhausted his administrative remedies in his § 1983 complaint; rather, failure to exhaust administrative remedies is an affirmative defense. *Anderson*, 407 F.3d at 681. Although "unlikely that the failure to exhaust administrative remedies" will be apparent on the face of the complaint, *sua sponte* dismissal is appropriate if the complaint "clearly show[s] that an inmate has not exhausted his administrative remedies." *Id*. at 682. Furthermore, an inmate is only required to exhaust administrative remedies that are *available* to him.

8

*See* 42 U.S.C. § 1997e(a).

In the case *sub judice*, Plaintiff's Complaint does indicate he has not received a response regarding the grievance he filed on November 13, 2004. Without being able to consider the SCDC's inmate grievance policy, however, this court considers dismissal inappropriate. *See Hemphill v. New York*, 380 F.3d 680, 685 (2d Cir. 2004) (noting that determining whether a letter qualifies as an attempt to exhaust administrative remedies depends on the requirements of the prison's inmate grievance procedure); *Mojias v. Johnson*, 351 F.3d 606, 609 (2d Cir. 2003) ("[Plaintiff's] answers on the complaint form are not a legally sufficient source from which to draw the conclusion that there were available administrative remedies that [Plaintiff] failed to exhaust.").

Moreover, the fact that an inmate grievance system exists does not conclusively establish that an administrative remedy is *available* to Plaintiff. *See Chronister v. Metts*, No. CA20422848HMHRSC, 2006 WL 533380, at *3 (D.S.C. Mar. 3, 2006) ("'[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies.'" (quoting *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004))); *Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000) (stating that the plaintiff has exhausted his available administrative remedies when he properly filed a grievance, did not receive a response, and was unable to appeal because procedure required a written resolution of claims before he could use the appeals process). As several circuits have held, a grievance may be considered exhausted under the PLRA when a prisoner files a grievance but has not received a timely determination. *See Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (concluding "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)

("[W]e agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable . . ."); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (agreeing that administrative remedies are deemed exhausted under the PLRA when prison officials fail to respond to inmate grievances); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired.").

This court agrees with the Magistrate Judge and finds that Plaintiff has exhausted his administrative remedies. Plaintiff filed his grievance on November 13, 2004 and has yet to receive a response, despite the fact that he filed his grievance more than a year ago. His grievance is apparently still pending at SLED. Given the amount of time that passed between the filing of his grievance, which remains unaddressed, and the filing of his complaint, the court deems Plaintiff to have exhausted his administrative remedies. The court will therefore not grant Taylor's Motion to Dismiss pursuant to Rule 12(b)(6).

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant Taylor's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**Charleston, South Carolina**
**January 3, 2007**